UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    )<br>    Plaintiff, )<br>    )<br>v.    )<br>    )<br>BRENT M. LAWSON, )<br>    )<br>    Defendant. ) | Cause No. 4:21-CR-00155 MTS |

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

Comes now Defendant Brent M. Lawson, by counsel, and submits the following objections to the Presentence Investigation Report ("PSR") Doc # 40:

1.  **Paragraph 14**.  Defendant objects insofar as the paragraph infers Defendant saw the "announcement" stated therein.  Defendant admits he accessed the website on May 24, 2019. He admits to utilizing this website to view and possess child pornography.  However, Defendant denies that he saw or was otherwise aware of the announcement or the June 23, 2016 "Board Rules".  Defendant also denies he saw anything images or videos that would involve "hurtcore" or violence against minors.

2.  **Paragraph 26**.  Defendant objects insofar as the restitution request from the "Sweet White Sugar" series for $5,000 does not reflect general losses consistent with *Paroline v. United States*, 134 S.Ct. 1710 (2014).  The attorneys for "Pia" have not submitted enough information to establish that the $5,000 amount is appropriate under the *Paroline* standard.  Instead, "Pia's" attorneys have offered primarily victim impact information and not enough to show Defendant's role in the causal process or that Defendant's second-hand viewing of the images are a fair portion of a victims loses under the *Paroline* factors.  *Paroline*, 134 S.Ct. at 1727.

1

Though not covered in the PSR, Defendant is aware that two additional requests for restitution have been made, one for the April Blonde series totaling $12,000 and one for the At School series for $10,000. Defendant objects to those totals as those amounts also do not meet the *Paroline* factors. Further objection to the restitution amounts will be addressed in a separate memorandum filed with the Court prior to sentencing.

3.     **Paragraph 33**. Defendant objects to the two-level enhancement under of USSG §2G2.2(b)(6) for the use of a computer or an interactive computer service. In June 2021, the United States Sentencing Commission released a report titled "Federal Sentencing of Child Pornography: Non-Production Offenses".[1] This report updated the prior report which was issued in 2012. Among the key findings, the Commission found that in FY 2019 over 95% of cases involving the non-production of child pornography were enhanced under §2G2.2(b)(6) for use of a computer or computer service. *See* Commission Report pg. 4. Furthermore, the Commission found that courts regularly reject the §2G2.2 guidelines as too high. Only 30% of individuals sentenced under §2G2.2 in FY 2019 were sentenced within the guideline range and almost 68% of sentence were below the guideline range. *See* Commission Report pg. 5.

Due to the prevalence of computers and way in which child pornography is now accessed, nearly all child pornography cases deal with some form of computer or computer service. When a guideline is employed in 95% of the cases it can no longer be called a "specific offense characteristic". Given the large number of below guideline range sentences it appears courts have begun to reject strict application of §2G2.2. This is likely due to the overstatement of the role a computer plays in child pornography offenses in the modern era. See *United States v. R.V.*, 157 F.

---

1 Report available at: https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf

2

Supp. 3d 207 (E.D.N.Y. 2016) (detailing the growth of computer usage associated with child pornography offenses and cautioning courts in applying 2G2.2).

For these reasons, we ask the Court to sustain the objection to the application of the two-level enhancement under §2G2.2(b)(6), and to reject its application to Defendant.

4. **Paragraph 42**. For the reasons stated above, Defendant objects to the PSR writer's calculation of 28 as Defendant's Total Offense Level consistent with Defendant's objections to the application of §2G2.2(b)(6). Removing this enhancements, Defendant's Total Offense Level should be 26.

5. **Paragraph 58**. Defendant objects to the commentary, opinion, and critique of Dr. Bayla Meyer's 2003 psychological report filed in Defendant's prior case. That information is from eighteen years ago and is not relevant to the Court's current assessment of Defendant. Defendant will be providing with sentencing materials a psychosexual evaluation performed near the end of 2021 that will provide the Court with an updated assessment on Defendant's psychological health.

6. **Paragraph 61**. Defendant wishes to state that the portion of the paragraph that reads Defendant reported, and the Bureau of Prison verified, Defendant's *completion* of a Residential Drug Abuse Program (RDAP) is not entirely accurate. Defendant did participate in treatment for RDAP; however, due to the timing of his release he was excluded from early release despite his treatment. Defendant wishes to receive additional and complete treatment through RDAP and respectfully requests the Court recommend he be placed in the program if eligible.

7. **Paragraph 65**. Defendant wishes to clarify that he did not intend to express "no vocational interests". Defendant does seek any opportunity the BOP will offer especially if related to computers or electronics. Specifically, Defendant will request the Court place him at FCI

Englewood, Colorado, so that he may participate in the program related to the repair of solar windmill panels.

8. **Paragraph 75**. Defendant objects to the paragraph insofar as his monthly income is listed as $19,817.48. Defendant agrees that was an approximate amount in his Regions Bank account as of January 1, 2022. However, $19,817.48 is not an estimate of incoming monies on a monthly basis. That amount is considerably lower. The amount in the Regions Bank account is the family savings that is jointly held by his wife that is being used to support the family since Defendant's confinement. Defendant's wife has been receiving financial assistance to pay bills. Because Defendant will be going to BOP, he will respectfully request the Court declare him indigent.

9. **Paragraph 79**. Consistent with the above pertaining to the guideline calculation, Defendant objects to the statement that the Defendant's Total Offense Level is 28, and guideline imprisonment range is 87 months to 108 months. Removing the inapplicable guideline, the Total Offense Level is 26, making the imprisonment range under the Guidelines 70-87 months if Defendant is criminal history category II.

10. **Paragraph 92**. Defendant objects to the calculation of restitution submitted for "Sweet White Sugar "Pia" Series consistent with what is stated above.

WHEREFORE, for the reasons stated herein, Defendant respectfully requests the Court sustain his objections to the PSR.

                        Respectfully submitted,

                        FRANK, JUENGEL & RADEFELD,
                        ATTORNEYS AT LAW, P.C.

                    By */s/ Joseph W. Flees*
                        JOSEPH W. FLEES (#60872MO)
                        Co-Counsel for Defendant
                        7710 Carondelet Avenue, Suite 350
                        Clayton, Missouri 63105
                        (314) 725-7777

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following.

Jillian Anderson
Asst. United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri, 63102

                                        */s/ Joseph W. Flees*
                                        JOSEPH W. FLEES