UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21CR00155 MTS |
| BRENT M. LAWSON, | ) ) ) |
| Defendant. | ) |

**MOTION OF THE UNITED STATES**
**FOR PRELIMINARY ORDER OF FORFEITURE**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney for said District, and moves this Court to issue a Preliminary Order of Forfeiture in the above-captioned case. In support thereof, the United States sets forth the following:

1.  Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense of Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5), the following property is subject to forfeiture: any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense of Possession of Child Pornography; and any property,

1

real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. On December 17, 2021, Defendant Brent M. Lawson pled guilty to the offense of Possession of Child Pornography, and further agreed, in writing in the Guilty Plea Agreement, to the forfeiture of all items seized during the investigation, including the following specific property (the "Subject Property"):[1]

    a. Pixel 3XL Cellular Phone, MEID: 99001201056414;
    b. Western Digital Hard Drive, S/N: WXE1A16AKXX3;
    c. SD cards (One (1) 8 GB and one (1) 32 GB);
    d. HP Envy Desktop Computer, S/N: TJ1704MVMF;
    e. Western Digital Hard Drive, S/N: WCC4E7PFUZPF;
    f. Western Digital Hard Drive, S/N: WCAZAE753997;
    g. Lenova Laptop Computer;
    h. Gray/White Apple iPhone, IMEI: 354436065305722;
    i. Pink/White Apple iPhone, IC: 579C-E3087A;
    j. VHS Tape;
    k. Azio Mobile USB Drive, Model: E212-S31;
    l. Eagle Consis External Hard Drive, S/N: ACH10381187;
    m. ACER Aspire Desk Top Computer, S/N: PTSF5020011090214E3000;
    n. Gateway Desk Top Computer, Model: DX8460, S/N: PTGCCP2004119027006300;
    o. Gateway Lap Top Computer, NES6R48U.

3. Based upon the evidence set forth in the Guilty Plea Agreement and that was presented at the Defendant's plea hearing, the United States has established the required nexus between the Subject Property and the offenses to which Defendant has pled guilty. Accordingly, the Subject Property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 2253.

---

[1] Defendant also agreed to the forfeiture a Takara Belmont thumb drive, which wasn't ever seized. The United States is not seeking criminal forfeiture of said thumb drive in the instant case.

4.     Pursuant to Rule 32.2(b)(6) and Title 21, United States Code, Section 853(n), upon the issuance of a Preliminary Order of Forfeiture, the United States shall publish notice of the Order and send direct notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5.     Upon adjudication of all third-party interests, this Court shall enter a Final Order of Forfeiture pursuant to Rule 32.2(c) and Title 21, United States Code, Section 853(n), in which the Subject Property will be ordered forfeited to the United States to be disposed of according to law.

6.     Pursuant to Rule 32.2(b)(4)(A), the Preliminary Order of Forfeiture becomes final as to Defendant upon sentencing.  The Order remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

7.     Pursuant to Rule 32.2(b)(4)(B), the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure Defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment, but the Court's failure to do so may be corrected at any time under Rule 36.

WHEREFORE, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests that this Court determine that the Subject Property is subject to forfeiture, and moves the Court to enter a Preliminary Order of Forfeiture forfeiting the above described property, including the Subject Property.  Pursuant to Rule 32.2(b)(3), the United States also requests authority to conduct any discovery permitted by the Federal Rules of Civil Procedure in order to identify, locate, or dispose of any property subject to forfeiture under this order, including depositions, interrogatories, subpoenas, and requests for production.  The United States submits herewith its proposed Preliminary Order of Forfeiture.

Dated: March 22, 2022

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

 */s/  Kyle T. Bateman*
KYLE T. BATEMAN, #996646(DC)
Assistant United States Attorney
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone:     (314) 539-2200
*Kyle.Bateman@usdoj.gov*

4